

**NUMBER 13-15-00069-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE STATE OF TEXAS,**                                                           **Appellant,**

**v.**

**ROGER ANTHONY MARTINEZ,**                                               **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Contreras[1] and Justices Benavides and Longoria
Memorandum Opinion on Remand by Chief Justice Contreras**

This cause is before the Court on remand from the Texas Court of Criminal

Appeals for the second time. The appeal concerns a motion to suppress drug evidence

---

[1] Chief Justice Dori Contreras, formerly Justice Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2017 1st C.S.).

filed by appellee Roger Anthony Martinez.[2] The trial court granted the motion to suppress and we affirmed in 2015. *State v. Martinez*, No. 13-15-00069-CR, 2015 WL 5797604, at *6 (Tex. App.—Corpus Christi Oct. 1, 2015) (mem. op., not designated for publication) (*Martinez I*). The court of criminal appeals vacated our judgment in 2016 and remanded to us with instructions to remand to the trial court for supplemental findings of fact and conclusions of law. *State v. Martinez*, No. PD-1337-15, 2016 WL 7234085, at *7–8 (Tex. Crim. App. Dec. 14, 2016) (not designated for publication) (plurality op.) (*Martinez II*). We did so and, considering those supplemental findings and conclusions, we again affirmed the trial court's ruling in 2017. *State v. Martinez*, No. 13-15-00069-CR, 2017 WL 2200298, at *7 (Tex. App.—Corpus Christi Mar. 16, 2017) (mem. op., not designated for publication) (*Martinez III*). On January 9, 2019, the court of criminal appeals again reversed. *State v. Martinez*, No. PD-0324-17, 2019 WL 137754, at *1–6 (Tex. Crim. App. Jan. 9, 2019) (not designated for publication) (*Martinez IV*) (applying collective knowledge doctrine and finding that "the sum total of the knowledge of [the officers at the scene] amounted to probable cause" to arrest appellee, despite the fact that there was no evidence the officers communicated with each other); *but see United States v. Ortiz*, 781 F.3d 221, 227 (5th Cir. 2015) ("The collective knowledge theory for reasonable suspicion applies so long as there is some degree of communication between the acting officer and the officer who has knowledge of the necessary facts." (quotation omitted)); *Martinez III*, 2017 WL 2200298, at *7 n.11 ("The collective knowledge doctrine, also known as the fellow officer rule, states that police are, in a limited sense, entitled to act upon the strength of a

---

[2] Martinez was charged with one count of possession of a controlled substance in a correctional facility, a third-degree felony, *see* TEX. PENAL CODE ANN. § 38.11(d)(1) (West, Westlaw through 2017 1st C.S.), and one count of possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2017 1st C.S.).

communication through official channels directing or requesting that an arrest or search be made." (quotations omitted)).

The January 9, 2019 ruling of Texas Court of Criminal Appeals is determinative of this appeal. *See Martinez IV*, 2019 WL 137754, at *6 (concluding that "[a]ppellee's motion to suppress should have been denied"). Accordingly, the trial court's judgment granting the motion to suppress is reversed, and we remand for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2019.